# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| STONEWAY CAPITAL CORPORATION, a Canadian Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO.: 6:19-cv-02183-Orl-31RLH |
| v. | )<br>) |
| SIEMENS ENERGY, INC., a Delaware Corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

### DEFENDANT SIEMENS ENERGY, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY

Stoneway submitted additional authority to the Court out of time on November 27, 2019, (Doc. 18), without opposition from Siemens on the condition that Siemens may respond to this authority on or before December 1, 2019.  The supplemental cases submitted by Stoneway, like the cases it cited in its motion (Doc. 3 at 9), do not support the entry of a preliminary injunction in this case—a straightforward situation where Stoneway is (wrongly) seeking to enjoin Siemens from taking contractually permitted actions to protect itself.

Stoneway's cases, in both its motion and the supplemental filing, simply stand for the basic proposition that sometimes courts grant preliminary injunctions where a movant adequately demonstrates that it will suffer irreparable harm from loss of business, reputation, or goodwill, that cannot be remedied by money damages, and where the movant satisfies the other requirements for a preliminary injunction.  That is not a novel or surprising concept, and it does nothing to support Stoneway's motion here.

The new Stoneway case that addresses the closest scenario to the current situation—where a movant sought to enjoin a party from exercising certain contractual rights—suffers from major distinguishing facts, and in that case, the court decided the irreparable harm factor specifically in the context of its prior determination that the movant was likely to succeed on the merits. *Neuro-Rehab Assocs., Inc. v. AMRESCO Commercial Fin., L.L.C.*, CIVA 05-12338-GAO, 2006 WL 1704258 at *5 (D. Mass. June 19, 2006).

In *Neuro-Rehab*, a District of Massachusetts case decided under Idaho law, the movant borrower sought to enjoin the respondent lender from accelerating loan payments or foreclosing on collateral based on the movant's minor, technical breaches of the loan agreements. *Id.* at *1, 4. The court first found that the movant was likely to succeed on the merits because its defaults were minor, technical issues that caused no impairment of the collateral security for the respondent's loan, and because the respondent had essentially refused to allow the movant to cure after the movant had offered to do so. *Id.* at *5. Of course, those facts are nothing like the facts in this case, where Stoneway has materially breached the Contract by failing to pay undisputed invoices exceeding $23 million, and where there was no cure despite Siemens granting longer than the Contract required for either Stoneway or BONYM to cure. (Doc. 19-1 ¶¶ 21–23, 25, 30, 33–34.)  In addition, Siemens is not seeking to accelerate any payments or foreclose on any collateral, as was the respondent in *Neuro-Rehab*. Siemens has simply exercised its contractual right to suspend performance of work in order to avoid going even deeper into the hole on a project where Stoneway is failing to make undisputed payments.

As it related to the "irreparable harm" analysis, the court in *Neuro-Rehab* seems to have gotten wrapped up in the movant's likelihood of success. The court acknowledged that "[i]t is

2

true that if Neuro–Rehab paid the full accelerated amount without foreclosure of any collateral the principal impact would only be monetary," but then proceeded to find "a potential for irreparable harm" while twice mentioning the movant's "reasonable likelihood" of winning. *Neuro-Rehab Assocs., Inc.*, 2006 WL 1704258, at *5. Without providing a reason, the court simply stated that the respondent's foreclosure on the collateral would "undoubtedly have irreparable, *non-monetary* harm to Neuro–Rehab's business." *Id.* (emphasis added). Here, however, Stoneway has not shown a likelihood of success nor how Siemens' exercise of its express contractual right to suspend work would cause any "irreparable, non-monetary harm" to Stoneway. Stoneway has not shown that it is going to lose business, suffer serious economic harm, or reputational harm. As stated in Siemens' Objection (Doc. 20), the Verified Complaint fails to show that the signing individual has the requisite personal knowledge for the statements made, and the allegations in the Verified Complaint are conclusory, speculative, hearsay (or all three) and inadmissible in evidence. Plus, monetary damages will remedy the theoretical harms Stoneway alleges, including any hypothetical depreciation in the value of the notes, harm to a hoped-for but not even proven "M&A deal," theoretical impact on insurance policies, or supposed effect on the renewal of short term credit facilities. (Doc. 19 at 15–16.)  Indeed, Stoneway's creditors are just as likely to insist that Stoneway simply pay Siemens the past due amount—undisputed under the Contract and thus undisputed as a matter of law—as the least expensive and most practical way to protect their collateral in an uncompleted Project. This and everything else Stoneway posits is simply speculation.

Pursuant to Local Rule 3.01(g), counsel for Siemens state that they conferred with counsel for Stoneway prior to the filing of this response and that Stoneway consented to

3

Siemens filing a response to the new cases first cited to the Court by Stoneway in its Notice of Supplemental Authority (Doc. 18), on November 27, 2019, in consideration for Siemens agreeing that it would not object to Stoneway presenting those cases.

Respectfully submitted, this 1st day of December, 2019.

*/s/Robert D. Sowell*
Robert W. Thielhelm, Jr.
Florida Bar No. 889679
Robert D. Sowell
Florida Bar No. 113615
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: rthielhelm@bakerlaw.com
rsowell@bakerlaw.com


EVERSHEDS SUTHERLAND (US) LLP

Lee C. Davis (*Pro Hac Vice* pending)
Jesse W. Lincoln (*Pro Hac Vice* pending)
Kamryn M. Deegan (*Pro Hac Vice* pending)

999 Peachtree Street N.E., Suite 2300
Atlanta, Georgia 30309
leedavis@eversheds-sutherland.com
jesselincoln@eversheds-sutherland.com
kamryndeegan@eversheds-sutherland.com

*Attorneys for Defendant, Siemens Energy, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2019, I electronically filed the foregoing document using the Court's CM/ECF system, which will send email notification of such filing to all attorneys of record as follows:

>Harold E. Patricoff
>Kristin Drecktrah Paz
>Shutts & Bowen LLP
>200 S. Biscayne Boulevard, Suite 4100
>Miami, Florida 33131
>hpatricoff@shutts.com
>kpaz@shutts.com
>
>Michael C. Crosbie
>Maureen K. Rogers
>Shutts & Bowen LLP
>300 S. Orange Avenue, Suite 1600
>Orlando, Florida 32801
>mcrosbie@shutts.com
>mrogers@shutts.com

>*/s/Robert D. Sowell*
>Robert D. Sowell