UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| STONEWAY CAPITAL CORPORATION, a Canadian Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS ENERGY, INC., a Delaware Corporation, <br><br> Defendant. | CASE NO.: 6:19-cv-02183 |

## DEFENDANT SIEMENS ENERGY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO STONEWAY CAPITAL CORPORATION'S VERIFIED COMPLAINT

Without waiving its right to arbitrate as explicitly provided in the parties' Engineering, Procurement, Construction and Commissioning Contract ("EPC Contract"), Defendant Siemens Energy, Inc. ("Siemens") files its Answer to Plaintiff Stoneway Capital Corporation's ("Stoneway") Verified Complaint ("Complaint") as follows:

### FIRST DEFENSE

Stoneway's claims are subject to a mandatory arbitration agreement because Stoneway's claims arise out of the parties' EPC Contract, which requires the parties to arbitrate "any dispute arising out of or relating to [the EPC] Contract." (EPC Contract § 24.1, attached as Exhibit A to the Complaint.)

### SECOND DEFENSE

Stoneway's Complaint should be dismissed because it fails to state a claim upon

which relief can be granted.

### THIRD DEFENSE

Stoneway fails to state a cause of action for declaratory relief because Stoneway has failed to identify a justiciable dispute or controversy between Stoneway and Siemens, and Stoneway faces no uncertainty regarding the propriety of any future actions or conduct.

### FOURTH DEFENSE

Stoneway's claims are barred by the doctrine of unclean hands. Stoneway cannot obtain equitable relief because it has materially breached the EPC Contract by failing to pay amounts owed thereunder.

### FIFTH DEFENSE

Stoneway's claims are barred, in whole or in part, by the doctrine of prior material breach. Stoneway committed a material breach by failing to pay amounts due under the EPC Contract.

### SIXTH DEFENSE

Stoneway's claims are barred, in whole or in part, by the doctrines of waiver and release. Stoneway waived and released any right to dispute the amounts owed under the EPC Contract by failing to reject or dispute Siemens' invoices within 5 business days as required under the EPC Contract. (*Id.* § 12.2.).

### SEVENTH DEFENSE

Stoneway's claims are barred, in whole or in part, by the doctrine of estoppel. Stoneway's alleged harm is the result of its own failure to timely dispute the invoices it

received from Siemens and to timely to pay amounts owed to Siemens. Therefore, Stoneway is estopped and precluded from recovering herein.

**EIGHTH DEFENSE**

Stoneway's claims are barred by the express terms of the EPC Contract, including but not limited to, the arbitration provision (*id.* § 24.1), the provision requiring Stoneway to dispute any invoices within 5 business days (*id.* § 12.2), the provision stating that an invoice becomes immediately due 30 days after it is issued if it is not disputed (*id.*), and the provision permitting Siemens to suspend its work if Stoneway does not timely make payments (*id.* § 12.6).

**NINTH DEFENSE**

Stoneway's damages, if any, are caused by its own acts or omissions, or the acts or omissions of third parties, including but not limited to, Stoneway's failure to timely dispute Siemens' invoices and to timely pay the amounts owed.

**TENTH DEFENSE**

The United States District Court for the Middle District of Florida, where the Complaint was originally filed, is an improper venue for this action because the EPC Contract contains an arbitration provision and a forum-selection clause designating New York, New York as the forum for all ancillary matters. (*Id.* §§ 24.1, 29.7.)

**ELEVENTH DEFENSE**

Answering the specific allegations set forth in the Complaint, Siemens shows as follows:

## NATURE OF THE CASE

1.     Siemens admits that it has a business relationship with Stoneway, and that Siemens initiated the contractual dispute resolution process set forth in the EPC Contract after Stoneway failed to timely pay multiple undisputed invoices. Siemens lacks knowledge or information sufficient to form a belief about the truth of Stoneway's allegations regarding any notifications The Bank of New York Mellon ("BONYM") has given to the bondholders. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 1 of Stoneway's Complaint.

2.     Siemens admits that Stoneway filed the Complaint and Emergency Motion for Preliminary Injunction. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 2 of Stoneway's Complaint.

## THE PARTIES, JURISDICTION, AND VENUE

3.     Admitted.

4.     Admitted.

5.     Siemens admits that diversity jurisdiction exists but denies that the matter is properly before the Court, pursuant to the mandatory arbitration provision in the EPC Contract.

6.     Siemens admits that the Court has personal jurisdiction over Siemens but denies that the matter is properly before the Court, pursuant to the mandatory arbitration provision in the EPC Contract.

7.     Denied because Stoneway's allegation referred to venue in the United States District Court for the Middle District of Florida.

# GENERAL ALLEGATIONS

I. *Stoneway and Its Argentine Subsidiaries*

8. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

9. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

10. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

11. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

12. Siemens admits it provided certain turbines and other equipment to Stoneway for the Matheu Plant, Las Palmas Plant, Lujan Plant, and San Pedro Plant. Siemens is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph; therefore, these allegations are denied.

II. *New Power Plant and the Relevant Agreements*

13. Siemens admits that Stoneway undertook to add a "bottoming cycle" to Stoneway's existing San Pedro Plant, which would convert the existing simple-cycle power plant into a combined-cycle power plant. Siemens is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph; therefore, these allegations are denied.

14. Siemens admits that Stoneway undertook to add a "bottoming cycle" to Stoneway's existing San Pedro Plant, which would convert the existing simple-cycle power

plant into a combined-cycle power plant. Siemens is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph; therefore, these allegations are denied.

15. Siemens admits that Siemens, Siemens S.A., Stoneway, and Araucaria Generation, S.A. entered into the EPC Contract. Exhibit A to Stoneway's Compliant appears to be a copy of portions of the EPC Contract, but the original EPC Contract speaks for itself, and Siemens denies any allegations inconsistent with it.

16. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

17. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

18. Siemens admits that Siemens, Siemens S.A., Stoneway, Araucaria Generation, S.A., and BONYM entered into the Consent and Agreement. Exhibit D appears to be a copy of portions of the Consent and Agreement, but the original Consent and Agreement speaks for itself, and Siemens denies any allegations inconsistent with it.

### III.   *The EPC Contract*

19. Siemens admits that Stoneway agreed to pay Siemens pursuant to the EPC Contract. As it pertains to Siemens' obligations under the EPC Contract, the EPC Contract speaks for itself, and Siemens denies any allegations inconsistent with it. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 19 of Stoneway's Complaint.

20. The dispute resolution provisions of the EPC Contract speak for themselves, and Siemens denies any allegations inconsistent with them. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 20 of Stoneway's Complaint.

21. The EPC Contract, including the dispute resolution provisions, speak for themselves, and Siemens denies any allegations inconsistent with them. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 21 of Stoneway's Complaint.

**IV.**     ***Siemens and BONYM Falsely Report Event of Default***

22. Denied.

23. Siemens admits that it provided various work progress reports, which speak for themselves. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 23 of Stoneway's Complaint.

24. Siemens denies that it failed to meet its obligations under the EPC Contract but admits the remaining allegations of the first sentence. Siemens admits that the Notice of Default, sent after Stoneway failed to make various undisputed payments, stated that Stoneway owed Siemens USD 21,941,607 and ARS 67,321,004. Exhibit E appears to be a copy of portions of the September 18, 2019 Notice of Default, but the original September 18, 2019 Notice of Default speaks for itself, and Siemens denies any allegations inconsistent with it.

25. Siemens admits that it met with Stoneway representatives and attempted to negotiate a payment plan for Stoneway to pay the overdue, undisputed invoices Stoneway owed to Siemens. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 25 of Stoneway's Complaint.

26. Siemens admits that it transmitted notices to Stoneway on October 15, 2019, regarding notice of reversion of ownership of the GT3 and initiation of dispute resolution in accordance with the provisions set forth in the EPC Contract, and that it transmitted copies of those notices to BONYM on October 16, 2019. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 26 of Stoneway's Complaint.

27. Siemens admits that it sent a second notice of default to BONYM on October 16, 2019. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 27 of Stoneway's Complaint.

28. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

29. Siemens denies it provided a false notice of default to BONYM. Siemens is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 29 of Stoneway's Complaint; therefore, these allegations are denied.

30. Siemens admits the allegations in the first sentence of Paragraph 30 of Stoneway's Complaint. In response to the remaining allegations, Siemens states that Exhibit I appears to be a copy of portions of a Siemens letter dated October 25, 2019, but the original speaks for itself, and Siemens denies any allegations inconsistent with it. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 30 of Stoneway's Complaint.

31. Denied.

32. Denied.

33. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

8

34. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

35. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

36. Siemens admits that it notified Stoneway that Siemens would suspend the Work under the EPC Contract and terminate the EPC Contract, both as allowed by the EPC Contract, if Stoneway did not cure its long overdue, undisputed payment defaults. Siemens denies that the amounts owed by Stoneway to Siemens are disputed. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 36 of Stoneway's Complaint.

37. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

38. Siemens admits that it transmitted notice to Stoneway on October 15, 2019, regarding initiation of the dispute resolution process in accordance with the provisions set forth in the EPC Contract, to collect the overdue, undisputed payments owed to Siemens. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 38 of Stoneway's Complaint.

39. Denied.

40. Denied.

41. Denied.

42. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

## COUNT I – DECLARATORY RELIEF

43. Siemens reaffirms and re-alleges the responses and denials in all preceding paragraphs as if fully set forth herein.

44. Denied.

45. Siemens admits that Stoneway defaulted under the EPC Contract, which allows Siemens to exercise various remedies as stated therein, and that Siemens sent notice to BONYM on October 16, 2019, regarding Stoneway's default. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 45 of Stoneway's Complaint.

46. Denied.

47. Denied.

48. Denied.

Siemens denies that Stoneway is entitled to any of the relief requested in Stoneway's "WHEREFORE" paragraph.

## COUNT II – INJUNCTIVE RELIEF

49. Siemens reaffirms and re-alleges the responses and denials in all preceding paragraphs as if fully set forth herein.

50. Denied.

51. Siemens admits that it has notified BONYM of Stoneway's defaults. Siemens is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph; therefore, these allegations are denied. Except as expressly admitted herein, Siemens denies the allegations of Paragraph 51 of Stoneway's Complaint.

52. Denied.

53. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

54. Denied.

55. Siemens is without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, these allegations are denied.

56. Denied.

57. Denied.

58. Denied.

59. Siemens is without sufficient knowledge or information to form a belief as to the truth of the allegations in the final sentence of Paragraph 59; therefore, these allegations are denied. Siemens denies the remaining allegations in Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

Siemens denies that Stoneway is entitled to any of the relief requested in Stoneway's "WHEREFORE" paragraph.

## GENERAL DENIAL

Siemens denies each and every allegation of the Complaint not specifically and expressly admitted herein.

Having fully answered the Complaint, Siemens prays that the Complaint be dismissed with prejudice, that each and every prayer for relief in the Complaint be denied, that

judgment be entered in favor of Siemens with attorneys' fees and costs assessed against Stoneway, and that Siemens be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 10 day of December, 2019.

                              EVERSHEDS SUTHERLAND (US) LLP

                              */s/Jesse W. Lincoln*
                              Lee C. Davis (*admitted Pro Hac Vice*)
                              Jesse W. Lincoln (*admitted Pro Hac Vice*)
                              Kamryn M. Deegan (*admitted Pro Hac Vice*)

                              999 Peachtree Street N.E., Suite 2300
                              Atlanta, Georgia 30309
                              (404) 853-8000
                              leedavis@eversheds-sutherland.com
                              jesselincoln@eversheds-sutherland.com
                              kamryndeegan@eversheds-sutherland.com

                              *Attorneys for Defendant Siemens Energy, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 10, 2019, I electronically filed the foregoing **ANSWER OF DEFENDANT SIEMENS ENERGY, INC. TO STONEWAY CAPITAL CORPORATION'S VERIFIED COMPLAINT** using the Court's CM/ECF system, which will send email notification of such filing to all attorneys of record as follows:

> Harold E. Patricoff
> Kristin Drecktrah Paz
> Shutts & Bowen LLP
> 200 S. Biscayne Boulevard, Suite 4100
> Miami, Florida 33131
> hpatricoff@shutts.com
> kpaz@shutts.com
>
> Michael C. Crosbie
> Maureen K. Rogers
> Shutts & Bowen LLP
> 300 S. Orange Avenue, Suite 1600
> Orlando, Florida 32801
> mcrosbie@shutts.com
> mrogers@shutts.com

*/s/Jesse W. Lincoln*
Jesse W. Lincoln