UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STONEWAY CAPITAL CORPORATION, a Canadian Corporation, </br></br> Plaintiff, </br></br> v. </br></br> SIEMENS ENERGY, INC., a Delaware Corporation, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br> CASE NO.: 1:19-cv-11355-GBD-SLC |

**ORDER TO SHOW CAUSE FOR AN ORDER OF ATTACHMENT AND TEMPORARY RESTRAINING ORDER IN AID OF ARBITRATION**

Based on Siemens Energy, Inc.'s ("Siemens") Memorandum of Law in Support of Motion for an Order to Show Cause for an Order of Attachment and a Temporary Restraining Order in Aid of Arbitration ("Memorandum"), dated February 6, 2020, the affidavits of Thomas Bundesmann dated November 27, 2019 and January 14, 2020, the affidavit of Jesse W. Lincoln, dated February 6, 2020, and the other exhibits cited in the Memorandum, the Court finds as follows.

Siemens ~~has demonstrated that it is likely to succeed on the merits~~ asserts of its claims against Stoneway Capital Corporation ("Stoneway") pending in the ICC arbitration to recover past due payments owed to Siemens by Stoneway. Siemens ~~can establish each element of~~ claims a breach of contract ~~claim~~: The parties entered into the Amended and Restated Turnkey Construction Contract ("Contract"), and Siemens performed its work under the Contract (Ex. 1 ¶¶ 4, 16, 17); Siemens invoiced Stoneway for contractually specified milestones achieved during construction (*Id.* ¶¶ 13, 17); if Stoneway wished to dispute any invoice, the Contract required it do so within five business days of receiving that invoice (*Id.* ¶ 15); if Stoneway failed to dispute the invoices within five business days, the invoices became due, under the express terms of the Contract (Ex. 2 ¶ 12.2);

Stoneway did not dispute any invoice within this timeframe (Ex. 1 ¶ 18); Stoneway breached the contract by failing to pay the past due invoices for Siemens' completed work. (*Id.* ¶¶ 18, 34; Ex. 21 ¶ 6). Siemens is therefore damaged by Stoneway's breach in the amount of at least $25,231,815.41. (Ex. 21 ¶ 6).

Siemens ~~will suffer irreparable injury absent~~ *seeks* a temporary restraining order, *claiming that:* Without a temporary restraining order, Stoneway may dispose of or transfer its assets, including a "Payment Account" that Stoneway is required to keep fully funded with the Contract Price (less prior payments) to "solely be used for payments under the Contract" (Ex. 2 § 12.3), causing Stoneway to be unable to pay any arbitration award entered against it in the future.

*Siemens also claims:* A balancing of the equities favors the issuance of a temporary restraining order. The requested provisional relief seeks only to preserve Siemens' ability to collect the amount determined in the arbitration to be owed to Siemens by Stoneway and to require Stoneway to comply with an obligation the Contract expressly requires (i.e., to keep the Payment Account fully funded per section 12.3 of the Contract). If Stoneway is not prohibited from disposing of or transferring its assets, the contractually required security of the fully funded Payment Account may disappear and Siemens will potentially be deprived of its opportunity to collect any arbitration award for sums Siemens is owed for work it performed under the Contract (*see* Ex. 1 ¶¶ 8; 16).

*Siemens claims that:* Finally, ~~W~~without a temporary restraining order, the arbitration award to which Siemens is likely entitled may be rendered ineffectual. First, Stoneway's consistent failure to pay Siemens' invoices (Ex. 1 ¶ 16) demonstrates its likely inability to pay a future arbitration award. Second, Stoneway's own filings suggest that it may be forced into bankruptcy. (Doc. 53 at 6, 10–11, 15.) Further, Stoneway's failure to pay the invoiced amounts owed suggests it did not comply with

the terms of the parties' Contract that require Stoneway to maintain the total Contract Price (less amounts already paid) in the Payment Account. (Ex. 2 § 12.3). Had Stoneway done so, it would have been able to pay Siemens the amounts it is owed as they became due.

Based on the foregoing, having found sufficient reason being alleged and good cause appearing, it is hereby

ORDERED that Stoneway show cause before this Court, at Room  11 A  [11 A], United States Courthouse, 500 Pearl Street, New York, New York, on February 12, 2020 [February 12, 2020], at 10:30 a.m. [10:30 a.m.], or as soon thereafter as counsel may be heard, why an order should not be issued: (i) granting Siemens an order of attachment in aid of arbitration directing the sheriff to levy upon such property in which Stoneway has an interest as will satisfy the amount of $25,231,815.41, which is the sum of the unpaid invoices owed to Siemens plus interest calculated to be due and owing as of January 13, 2020, plus probable interest, costs, attorney's fees, and the sheriff's fees, pursuant to Rule 64 of the Federal Rules of Civil Procedure and Section 7502(c) of New York's Civil Practice Law and Rules and (ii) granting Siemens such other relief as this Court deems just and proper; and it is further

~~ORDERED that sufficient reason having been shown, pending the oral argument of Siemens' application for a preliminary injunction and order of attachment, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and Section 7502(c) of New York's Civil Practice Law and Rules, but in no event beyond _____ [14] days from the entry of this order, unless extended by the Court, Stoneway and its successors, assigns, agents, employees, officers, directors, attorneys, and all other persons acting in concert or in participation with any of them (including, but not limited to, SPI Energy S.A. and all other subsidiaries or affiliates controlled by Stoneway), are hereby~~

3

~~(i) temporarily restrained and enjoined from transferring, disposing of, encumbering, or otherwise diminishing or secreting any money in the Payment Account(s) established pursuant to section 12.3 of the Contract;~~

~~(ii) ordered to provide Siemens with an accounting of the current balance(s) of the Payment Account(s);~~

~~(iii) temporarily restrained and enjoined from transferring, disposing of, encumbering, or otherwise diminishing or secreting any money, real, or personal property, or other assets that may be used to satisfy a potential arbitration award to Siemens in the amount of $25,231,815.41, if and to the extent the current balance(s) of the Payment Account(s) are less than such amount;~~

~~It is further ORDERED that security in the amount of $_____ [WAIVED] be posted by Siemens on or before _____, _____ at __:__.~~

ORDERED that service of a copy of this Order to Show Cause and of the papers submitted in support thereof by hand, ECF delivery, or email delivery upon counsel for Stoneway on or before _5:00 p.m._ [5:00] on February _7_ [6], 2020, shall be deemed good and sufficient service hereof; and

ORDERED that Stoneway shall serve any answering and responsive papers, if any, by hand or email delivery on Siemens' counsel on or before the _11TH_ [10th] day of February, 2020, and it is further

ORDERED that Siemens shall serve any reply papers by hand or email delivery on counsel for Stoneway on or before the _12TH_ [11th] day of February, 2020; and it is further

4

ORDERED that an oral argument on the Motion for Order of Attachment will held on the _12TH_ [12th] day of February, 2020 at _10:30_ [10:30 a.m.] in Courtroom _11A_ [11A] United States Courthouse, 500 Pearl Street, Room  New York, New York.

Dated: February 6, 2020

Issued: _____

_George B. Daniels_
United States District Judge