UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
STONEWAY CAPITAL CORPORATION,

                  Plaintiff,

    -against-

SIEMENS ENERGY INC.,

                  Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 11355 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Stoneway Capital Corporation brings this action against Defendant Siemens Energy Inc., requesting injunctive relief in aid of arbitration concerning the parties' rights and obligations under an Amended and Restated Turnkey Construction Contract. (Am. Verified Compl. and Req. for Prelim. Injunctive Relief in Aid of International Arbitration, ECF No. 51.)

On December 31, 2019, Plaintiff moved for a preliminary injunction, seeking to enforce the parties' alleged obligations to provide notice to each other when communicating with non-party Bank of New York Mellon ("BONYM"), which serves as the collateral agent under a series of agreements, and to enjoin Defendant from providing further notices of default to BONYM pending arbitration. (Notice of Pl. Stoneway Capital Corporation's Am. Mot. for Prelim. Inj. in Aid of International Arbitration, ECF No. 52.) Subsequently, on February 6, 2020, Defendant moved by an order to show cause for an order of attachment and a temporary restraining order, prohibiting any transfer of Plaintiff's assets pending this Court's decision on Defendant's request for attachment. (Mem. of Law in Supp. of Siemens Energy, Inc.'s Order to Show Cause for an Order of Attach. and a TRO in Aid of Arbitration, ECF No. 65.)

"The standard[s] for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 of the Federal Rules of [Civil] Procedure are identical." *Spencer Trask*

*Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002); *see also Andino v. Fischer*, 555 F .Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction.") To obtain such relief, the moving party must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Federal Rule of Civil Procedure 64 provides that attachment is available as a remedy "under the law of the state where the court is located." Fed. R. Civ. P. 64. Under New York law, a party seeking prejudgment attachment must demonstrate that "(1) there is a cause of action; (2) there is a probability that the plaintiff will succeed on the merits; (3) a ground for attachment listed in [New York Civil Practice Law and Rules] § 6201 exists; and (4) the amount demanded exceeds all counterclaims known to plaintiff." *Adler v. Solar Power, Inc.*, No. 16 Civ. 1635 (LLS) (GWG), 2019 WL 2210661, at *3 (S.D.N.Y. May 22, 2019) (citation omitted).

Here, Plaintiff has not met its burden for a preliminary injunction. In particular, Plaintiff fails to demonstrate that it will suffer irreparable harm absent injunctive relief, given that arbitration has now been initiated and there is no indication that Defendant intends on communicating further with BONYM about any alleged notices of default. Indeed, at oral argument, Plaintiff appeared to withdraw its motion, stating that "the relief that [it] want[s] at this point" is a "denial of [its] motion for preliminary injunction because of the existence of the dispute resolution process in arbitration." (Tr. of Oral Arg. dated Feb. 12, 2020 at 15:12–16.)

Defendant similarly has not met its burden for a temporary restraining order or attachment. Specifically, Defendant has not sufficiently established Plaintiff's alleged insolvency or

bankruptcy, or that the arbitration award to which Defendant may be entitled will be rendered ineffectual without provisional relief.

Accordingly, both Plaintiff's and Defendant's motions are DENIED.[1] The Clerk of Court is directed to close the motions, (ECF Nos. 53, 71), and this case, accordingly.

Dated: New York, New York  
      February 14, 2020

SO ORDERED.

*George B. Daniels*  
GEORGE B. DANIELS  
United States District Judge

---

1 This Court also denies Plaintiff's request for leave to file a sur-reply in response to Defendant's reply in support of its motion for an order to show cause. (Pl.'s Letter dated Feb. 13, 2020, ECF No. 71.)

3